DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Steven Carrion ("Husband"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which granted Appellee, Christine Carrion ("Wife"), a divorce. This Court affirms.
 I. {¶ 2} Husband and Wife were married on November 28, 2002. At that time and at all times thereafter, Husband has been incarcerated in federal prison. On October 12, 2006, Wife filed her complaint for divorce. Husband never filed an answer to the complaint. Instead, he moved to dismiss the complaint because it *Page 2 
did not contain his social security number. In addition, Husband filed an affidavit asserting that he had given wife $130,000 of his separate property during the marriage. On February 27, 2007, the trial court held a final hearing on Wife's divorce complaint. On February 28, 2007, the trial court granted Wife a divorce. In its judgment, the trial court found that Wife's only property was acquired while living separate from Husband. In addition, the trial court found that Husband's property had been confiscated when he was convicted. Consequently, the trial court found that no marital property existed and ordered the parties to retain their personal property free and clear from claims of the other. Husband timely appealed the trial court's judgment, raising five assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT GRANTED THE DIVORCE WITHOUT THE SOCIAL SECURITY NUMBER(S) OF THE PARTIES ON THE FACE OF THE DIVORCE ACTION-COMPLAINT AS IS MANDATED BY OHIO LAW. THIS VIOLATED THE DUE PROCESS RIGHTS OF THE APPELLANT AS GUARANTEED BY THE OHIO U.S. CONSTITUTION[S] AND THE EQUAL PROTECTION CLAUSE OF SAME[.]"
 {¶ 3} In his first assignment of error, Husband asserts that the trial court erred in failing to dismiss Wife's complaint for divorce. We disagree.
 {¶ 4} In his brief, Husband asserts that Wife did not place his date of birth and social security number on her complaint for divorce. Husband argues that this is a jurisdictional defect which prevents the domestic relations court from *Page 3 
considering the complaint. Husband has cited no law to support this proposition, nor has this Court found any support for his argument. Lorain County Domestic Relations Loc.R. 5(A)(2) requires that the parties' dates of birth and social security numbers be placed on the complaint "if known." Such a requirement is not jurisdictional, nor has Husband asserted how this omission acted to prejudice him. Consequently, Husband's first assignment of error lacks merit.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT GRANTED THE DIVORCE WITHOUT THE PRESENCE OF THE DEFENDANT-APPELLANT AS MANDATED BY OHIO LAW. THIS DENIED THE APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO 
U.S. CONSTITUTION AND THE EQUAL PROTECTION CLAUSE OF SAME[.]"
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DID NOT MAKE ARRANGEMENTS TO CONDUCT ANY HEARING AND OR HOLD A HEARING USING THE TELEPHONE SYSTEM ON A CONFERENCE CALL WITH THE APPELLANT WHO IS IN A FEDERAL PRISON, DENYING THE APPELLANT DUE PROCESS EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE OHIO [] U.S. CONSTITUTION[S.]"
 {¶ 5} As Husband's second and third assignments of error are related, we will address them together. In these assignments of error, Husband asserts that the trial court erred in granting Wife a divorce after holding a hearing in which Husband was not present. We disagree. *Page 4 
 {¶ 6} A trial court's ruling on the request of an incarcerated criminal to appear at a civil action by requiring authorities to transport him to trial rests within the sound discretion of the trial court. Mancino v. Lakewood (1987), 36 Ohio App.3d 219, 221, citingHolt v. Pitts (C.A.6, 1980), 619 F.2d 558, 560-561. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's reasoning was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Generally, prisoners have no constitutional right to be personally present at any stage of the civil proceedings.Mancino, 36 Ohio App.3d at 221. The United States Supreme Court has held as follows:
 "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now Section 1654, Title 28, U.S.Code], to parties in all courts of the United States to `plead and manage their own causes personally.'" Price v. Johnston (1948), 334 U.S. 266, 285-286, overruled on other grounds.
Our sister court in Mancino then discussed eight factors which should be examined in determining whether a prisoner should be permitted to attend the trial. Those factors are as follows:
 "(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early *Page 5 
resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." Mancino, 36 Ohio App.3d at 222.
 {¶ 8} Husband has made no argument that any factors support permitting him to appear in person or through some form of telephone conference. Instead, Husband has argued that he has an absolute right to attend the hearing. As noted above, this right is not absolute. Moreover, theMancino factors do not support a finding that the trial court erred. Husband is incarcerated in a federal prison in Morgantown, West Virginia. Thus, the cost of transporting him would have been significant. He has a minimum of four years remaining on his sentence. Accordingly, delaying the divorce until his release was not feasible. Finally, the trial court's entry demonstrates that Husband's attendance was not necessary to resolve the complaint. Wife did not seek any support, spousal or child, from Husband, nor did she seek any of his property. In fact, the trial court determined that the parties held no property jointly. Finally, the trial court continued its hearings on numerous occasions to permit Husband to retain counsel. Under these facts, we cannot say that the trial court abused its discretion by proceeding to its final hearing despite Husband's absence. Husband's second and third assignments of error lack merit. *Page 6 
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DID NOT CONSIDER THE SWORN AFFIDAVIT OF THE APPELLANT PER 18 USC § 4004 AS TO THE SUBSTANTIAL MONIES GIVEN TO THE APPELLEE BY THE APPELLANT THAT WERE OBTAINED BEFORE THE MARRIAGE OF THE PARTIES TOOK PLACE. THE APPELLEE DID NOT CONTRADICT THESE MONIES GIVEN TO HER OR DENY SAME IN AN AFFIDAVIT. THIS VIOLATED THE OHIO RULES OF EVIDENCE, THE OHIO RULES OF COURT, 56(C) AND DENIED THE DEFENDANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE OHIO U.S. CONSTITUTION[S.]"
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DID NOT RULE THAT THE ALLEGED MARRIAGE WAS `NULL AND VOID' SINCE SAID MARRIAGE HAD NEVER BEEN CONSUMATED (sic) SINCE THE APPELLANT WAS ALWAYS IN PRISON. BECAUSE OF THIS FACT THE TRIAL COURT SHOULD HAVE ORDERED ALL OF THE MONIES PAID BY APPELLANT TO THE APPELLEE RETURNED. THIS VIOLATED THE EQUAL PROTECTION [CLAUSE] AND DUE PROCESS RIGHTS OF THE APPELLANT UNDER THE OHIO [AND] U.S. CONSTITUTION[S.]"
 {¶ 9} As Husband's fourth and fifth assignments of error are related, this Court will address them together. In his final two assignments of error, Husband argues that the trial court erred in its division of property. Specifically, Husband asserts that the trial court failed to consider his sworn affidavit in which he claimed to have given Wife $130,000 in cash and gifts. We find no error in the trial court's decision. *Page 7 
 {¶ 10} A trial court is vested with broad discretion when fashioning this division of property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. Accordingly, absent an abuse of discretion, a trial court's division of marital property will be upheld by a reviewing court.West v. West, (Mar. 13, 2002) 9th Dist. No. 01CA0045, at *6. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's reasoning was unreasonable, arbitrary or unconscionable.Blakemore, 5 Ohio St.3d at 219.
 {¶ 11} The final divorce hearing was held on February 27, 2007. Following the hearing, the trial court found that all of Husband's possessions were confiscated when he was arrested and convicted. The trial court also found that the only property in Wife's possession was either owned by her prior to marriage or acquired by her while living separate and apart from Husband. Consequently, the trial court concluded that each party should retain the personal property in their possession at the time of the hearing free and clear from any claim by the other.
 {¶ 12} Husband did not provide this Court with a transcript of the final divorce hearing. An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B); State v. Williams (1995), 73 Ohio St.3d 153, 160. Accordingly, it was Husband's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162,163. When the record is incomplete, this Court must presume *Page 8 
the regularity of the trial court's proceedings and affirm its decision.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See, also,Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted, but are necessary for effective review, the appellate court must affirm).
 {¶ 13} Without a transcript, this Court must presume that the trial court's findings were properly based upon evidence adduced at the hearing. Accordingly, Husband's final two assignments of error lack merit.
 III. {¶ 14} Husband's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 9 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, P. J. MOORE, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1