DECISION. *Page 2 
{¶ 1} This case presents the limited issue whether the Hamilton County Municipal Court had subject-matter jurisdiction over an action initiated by plaintiffs-appellants Richard and Brenda Bowling to garnish the Fifth Third Bank account of defendant-appellee Stafford Stafford Co., L.P.A. ("the Stafford firm"). We hold that the amount that the Bowlings were seeking to garnish, $107,492.45, exceeded the monetary jurisdiction of the municipal court. Accordingly, the municipal court did not have jurisdiction to proceed with the garnishment. We, therefore, affirm the municipal court's judgment dismissing the garnishment action.
 {¶ 2} On June 25, 2007, the Hamilton County Clerk of Courts certified a judgment in the amount of $107,492.45 in favor of the Bowlings and against the Stafford firm. No one disputes that this amount represented attorney fees and litigation costs awarded to the Bowlings in a previous lawsuit initiated by the Bowlings in the Hamilton County Court of Common Pleas. On the same day that this judgment was certified, the Bowlings filed a garnishment complaint with the municipal court, seeking to attach the Stafford firm's account with Fifth Third Bank. On July 2, 2007, Fifth Third Bank filed its answer of garnishee and tendered $88,343.83 to the clerk of courts.
 {¶ 3} The Stafford firm requested a hearing on the garnishment on July 12, 2007.[1] Although the garnished funds had already been distributed, the municipal court held a garnishment hearing on July 25, 2007. *Page 3 
 {¶ 4} Before the Bowlings had filed their garnishment action in municipal court, the common pleas court had issued a stay of execution, conditioned upon the Stafford firm filing a bond in the amount of $635,000. We reduced the bond amount to $215,000 on June 27, 2007, and the Stafford firm posted the bond on July 9, 2007. At the garnishment hearing, the Stafford firm requested that the municipal court order the Bowlings to return the garnished funds because the money had been distributed after the original common pleas court judgment had been stayed. The municipal court magistrate denied the Stafford firm's request, indicating that the court had the authority to determine only whether the funds from the Fifth Third Bank account were statutorily exempt from garnishment and, thus, could not provide the relief that the Stafford firm was seeking.
 {¶ 5} The Stafford firm filed objections to the magistrate's decision. In reviewing the objections, the municipal court held that the amount in controversy exceeded the monetary jurisdiction of the municipal court as set forth in R.C. 1901.17. Accordingly, the municipal court dismissed "all proceedings on and in aid of execution" and ordered any funds still in possession of the clerk of courts to be returned to the garnishee, Fifth Third Bank. Since there were no funds still in the clerk's possession, no money was returned. Both parties have appealed this judgment.
 {¶ 6} In the Bowlings' single assignment of error, they contend that the trial court erred in dismissing the proceedings for lack of subject-matter jurisdiction. We disagree.
 {¶ 7} A municipal court has the power to enforce a certified judgment of a common pleas court only in instances where the judgment certified or transferred *Page 4 
does not exceed the municipal court's monetary jurisdiction as set forth in R.C. 1901.17.[2] R.C. 1901.17 limits the municipal court's jurisdiction to those civil matters involving amounts in controversy of $15,000 or less.
 {¶ 8} The Bowlings argue that a municipal court is permitted by statute to render a judgment in excess of the normal jurisdictional amount, when the excess consists of interest or costs accrued after the commencement of the action, such as attorney fees. The Bowlings are correct to the extent that a municipal court may render a judgment above $15,000, when the excess represents costs, such as attorney fees, that accrued after the case began.[3] But the original amount the plaintiff is seeking to recover must not exceed $15,000.[4] Here, the initial garnishment complaint filed in the municipal court sought an amount exceeding $100,000. While this amount represented attorney fees and costs accrued after the lawsuit in the common pleas court had been initiated, it did not represent attorney fees and costs awarded to a party after an action that involved an amount of $15,000 or less had been initiated in municipal court.
 {¶ 9} The Bowlings also argue that the trial court improperly dismissed the underlying judgment of the common pleas court. We note that the municipal court did not, as it could not, dismiss the underlying judgment of the common pleas court; rather, it dismissed the garnishment action filed in its own domain. And when an initial pleading, such as the initial garnishment action here, seeks an amount over the monetary jurisdictional limit, the municipal court must dismiss the action.[5] *Page 5 
 {¶ 10} We, therefore, overrule the Bowlings' sole assignment of error.
 {¶ 11} In the Stafford firm's cross-appeal, it brings forth one assignment of error, contending that the municipal court erred by failing to provide the firm with adequate notice regarding the garnishment proceedings and by disbursing the garnished funds in violation of the stay issued by the court of common pleas. We overrule this assignment of error for the reason we have already given: the municipal court did not have jurisdiction over the garnishment action.[6] Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN, P. J., and CUNNINGHAM, J., concur.
[1] The record indicates that a Praecipe For Service of Notice to Debtor and Request for Hearing was filed with the court on July 3, 2007, but the Stafford firm disputes when this notice was actually mailed. This notice required the Stafford firm to request a hearing within five days of receipt.
[2] See Transamerica Comm. Finance Corp. v. Mid-America Marine,Inc., 11th Dist. No. 92-A-1720, 2003-Ohio-___.
[3] See R.C. 1901.17.
[4] Id.
[5] See State ex rel. Natl. Emp. Benefit Services, Inc. v. CuyahogaCty. Court of Common Pleas (1990), 49 Ohio St.3d 49, 50,550 N.E.2d 941.
[6] The Stafford firm has filed a conversion action in common pleas court seeking the return of the garnished funds that were distributed, as the firm alleges, in violation of the stay. *Page 1