[Cite as *Frank Novak & Sons, Inc. v. A-Team, L.L.C.*, 2014-Ohio-1730.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.    100393

---

# FRANK NOVAK & SONS, INC.

### PLAINTIFF-APPELLEE

vs.

# A-TEAM, L.L.C., D.B.A. SERVICEMASTER

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Berea Municipal Court
Case No. 13 CVF 01074

**BEFORE:**     E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**     April 24, 2014

**ATTORNEY FOR APPELLANT**

Kevin J. Kelley
Porter Wright Morris & Arthur
925 Euclid Avenue
Suite 1700
Cleveland, Ohio    44115


**ATTORNEYS FOR APPELLEE**

Keith R. Kraus
Grant J. Keating
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio    44077

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, A-Team L.L.C., appeals the denial of its motion to dismiss by the Berea Municipal Court. For the following reasons, we reverse and remand.

{¶2} On March 18, 2013, a judgment was rendered by the Cuyahoga County Court of Common Pleas in favor of plaintiff-appellee Frank Novak & Sons, Inc. and against A-Team L.L.C. in the amount of $37,158.82, plus costs of $497. The certified judgment was transferred to Berea Municipal Court on May 13, 2013. Frank Novak & Sons, Inc. filed a praecipe for levy seeking execution on all equipment, fixtures, furnishings, antiques, inventory, cash and three motor vehicles located at A-Team L.L.C.'s place of business. The municipal court held an exemption hearing on July 24, 2013, and issued a magistrate's finding that A-Team L.L.C. was not entitled to any exemptions and that Frank Novak & Sons, Inc. was to proceed with levy according to law. On August 5, 2013, A-Team L.L.C. filed a motion to dismiss the case and stay the magistrate's finding on the grounds that Berea Municipal Court lacked subject matter jurisdiction to proceed with the action.[1] The trial court denied the motion to dismiss on August 8, 2013, and A-Team L.L.C. appeals presenting the following sole assignment of error:

---

[1]A-Team L.L.C. also filed an objection to the magistrate's finding on the same grounds.

The Berea Municipal Court erred in denying defendant's motion to dismiss as the Berea Municipal Court lacks subject matter jurisdiction in this matter.

{¶3} We review a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction under a de novo standard of review. *Bank of Am. v. Macho*, 8th Dist. Cuyahoga No. 96124, 2011-Ohio-5495, ¶ 7, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000).

{¶4} A municipal court's monetary jurisdiction is statutorily defined in R.C. 1901.17, which provides in relevant part:

A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court.

{¶5} In regards specifically to the collection of judgments, R.C. 1901.18(A)(5) provides that "subject to the monetary jurisdiction of municipal courts set forth in section 1901.17 of the Revised Code," a municipal court has original jurisdiction "[i]n any action or proceeding to enforce collection of * * * judgments rendered by any court within the territory to which the municipal court has succeeded * * *."

**{¶6}** The question of whether R.C. 1901.17 denies a municipal court jurisdiction to order execution on a certified judgment that exceeds fifteen thousand dollars has been answered in the negative by at least three other districts. In a situation analogous to this case, the First District Court of Appeals held that "[a] municipal court has the power to enforce a certified judgment of a common pleas court only in instances where the judgment certified or transferred does not exceed the municipal court's monetary jurisdiction as set forth in R.C. 1901.17." *Bowling v. Stafford & Stafford Co., L.P.A.*, 1st Dist. Hamilton Nos. C-070606 and C-070648, 2008-Ohio-3768, ¶ 7.

**{¶7}** Similarly, the Second District analyzed the issue in great detail in *Aselage v. Lithoprint Ltd.*, 2d Dist. Montgomery No. 23527, 2009-Ohio-7036. The *Aselage* court noted that R.C. 2329.02 allows for any judgment issued in a court of record to be transferred to any other court of record and for proceedings for collection to be had on such judgment the same as if it had been issued by the transferee court. *Aselage* further noted that R.C. 1901.17 and 2329.02 were both adopted in the same legislative bill in 1953. *Id.* at ¶ 21. The *Aselage* court found that R.C. 1901.17 is a "special provision," being limited to the municipal courts, while R.C. 2329.02 being applicable to all courts of record, is a "general provision." *Id.* at ¶ 21. The Second District concluded that R.C. 2329.02 contains no manifest intent that it prevail over R.C. 1901.17. Therefore, to the extent that both sections may apply to the issue concerned and in that respect present an irreconcilable conflict, R.C. 1901.17, the more specific provision prevails over the more general pursuant to R.C. 1.51. *Id.* at ¶ 21; *see also Transamerica*

*Commercial Fin. Corp. v. Mid-America Marine, Inc.*, 11th Dist. Ashtabula No. 92-A-1720, 1993 Ohio App. LEXIS 3583 (July 16, 1993) (holding that R.C. 2390.02 confers upon municipal courts the power in aid of execution proceedings to issue all necessary orders for the benefit of judgment creditors as well as the power to receive transfer of judgments for these purposes from other courts of record, but only in those instances where the judgment transferred does not exceed the monetary jurisdiction of R.C. 1901.17).

{¶8} We agree with the above authority and find that the Berea Municipal Court lacked subject matter jurisdiction over the certified judgment in this instance.

{¶9} The judgment of the Berea Municipal Court is reversed, and the case is remanded to the Berea Municipal Court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and

TIM McCORMACK, J., CONCUR