**FIRST FEDERAL SAVINGS & LOAN ASSN., Plaintiff, v SHORTS, Defendant-Appellee, LUKACS, et, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3187. Decided October 23, 1947.

Edmund M. O'Brien and Louis G. Marton, Cleveland, and Cronin and DelFraino, Youngstown, for defendant-appellant. J. V. Murphy, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Gladys Lucas, a minor, brought an action in the Municipal Court of Cleveland, Ohio, by and through her father as her natural guardian and next friend, to recover damages for injuries sustained within the corporate limits of the City of Cleveland by reason of the alleged careless and negligent operation of a motor vehicle by defendant-appellee Harold W. Shorts, a then and since conceded resident of Youngstown, Mahoning County, Ohio, who was served with summons in that action in accordance with provisions of §6308 GC, by leaving copy thereof at his place of residence therein.

By authority of §11358 GC, counsel for defendant-appellee Shorts verified and filed an answer for him in that action admitting the occurrence complained of but denying the extent of defendant-appellant Lucas' injuries sustained therein or liability therefor.

Defendant-appellee Shorts failed to appear upon trial to defend that action against him. Thereupon the trial judge found for defendant-appellant Lucas, assessed her damages at $2,000.00 and entered judgment upon his finding.

On the first day of September, 1945, defendant-appellant filed a certificate of that judgment in the court of common pleas of Mahoning County.

Subsequently the First Federal Savings and Loan Association of Youngstown, the plaintiff in the court of common pleas in the case we review, named defendant-appellant Lucas party defendant in its action to foreclose a mortgage it held on the real estate of defendant-appellee Shorts.

In that action defendant-appellant Lucas set up in her answer filed therein the judgment in the Municipal Court of Cleveland, and the trial judge entered a decree of foreclosure for plaintiff The First Federal Savings and Loan Association of Youngstown, and found defendant-appellant Lucas to have a good and valid second lien on the foreclosed real estate, which later upon motion of defendant-appellee Shorts he vacated and set aside on the ground that:—

"The Municipal Court of the City of Cleveland in the case of Virginia Lucas v Harold W. Shorts did not obtain jurisdiction over the person of this defendant, Harold W. Shorts, by having a service of summons served in Mahoning County as alleged in the answer and cross petition of Virginia Lucas.

"The action of the legislature in enacting §1579-604B GC, amending the Lorain Municipal Court Act by specifically providing for service of summons in motor vehicle cases to non-residents of Lorain County, as provided in §6308 GC taken with the fact that the jurisdiction sections of the Lorain and Cleveland Municipal Court Acts before said amendment were substantially alike, makes clear the legislative purpose, that without such specific amendment, service under §6308 GC does not attach to the Cleveland Municipal Court."

Defendant-appellant Lucas appealed to us on questions of law and fact from the judgment of the court of common pleas entered in this case; but upon motion of defendant-appellee Shorts to dismiss such appeal counsel stipulated that the appeal "may be considered by this court as an appeal on questions of law alone", thus sparing us the necessity of passing upon the motion as filed. Accordingly the appeal was then argued, submitted and will be determined as an appeal on questions of law.

Sec. 1579-7 GC, a part of the act creating the Municipal Court of Cleveland, provides as follows:—

"The municipal court shall have jurisdiction within the limits of the county of Cuyahoga:
"1. To compel attendance of witnesses in any pending action or proceeding.
"2. To issue execution on its own judgments.

". "3. In all actions and proceedings whether legal or equitable, to enforce the collection of its own judgments.

"4. In all actions and proceedings in the nature of creditors' bills, and in aid of execution to subject the interests of a judgment debtor in real or personal property to the payment of a judgment of the municipal court and in such cases the court may proceed to marshal and foreclose liens thereon irrespective of amount, and all rights, vested or contingent, therein.

"5. In all actions and proceedings where one or more defendants reside or are served with summons in the city of Cleveland.

"6. To issue and enforce orders of attachment in all cases in which the defendant is a resident of the city of Cleveland."

Sec. 6308 GC, provides that:—

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

Defendant-appellant Lucas contends that the power conferred by §6308 GC, is not limited to any particular court and that it is this court's duty to liberally construe it, and support that contention by a ruling of the supreme court in the case of **Pappas v Jeffrey Manufacturing Co., 139 Oh St 637,** that "the provisions of §6308 GC, relate solely to venue and, being remedial in character, are to be liberally construed". And also call our attention to **Inter Insurance Exchange of the Chicago Motor Club v Wagstaff, 144 Oh St 457; Snavely v Wilkinson, Exr., 138 Oh St 125; Omus v Baumhardt, 47 Oh Ap 491; Uthoff v DuBrie, 62 Oh Ap 285;** and a mandate issued by the Court of Appeals of Cuyahoga County in the apparently unreported Cuyahoga County case of Joseph Zaccheo v Mutual Trucking Company, No. 19448, which holds inter alia "that the municipal court of Cleveland has jurisdiction of any action within the monetary limitations in which the plaintiff is a resident of Cleveland and the claimed

injury or property damages were sustained as the result of a traffic accident in Cleveland and jurisdiction of the defendant may be obtained by proper service in any county in Ohio"; and that by filing an answer to the petition of defendant-appellant Lucas in the Municipal Court of Cleveland defendant-appellee Shorts legally entered his appearance in the case pending in the Municipal Court of Cleveland and by "so pleading waived the imperfections, if any, in the service".

Defendant-appellee Shorts contends that §6308 GC, is a venue and not a jurisdiction statute and does not enlarge the jurisdiction of the municipal court of Cleveland but merely enlarges the geographical boundaries for the exercise of the general jurisdiction conferred by other statutes, and that the Municipal Court of Cleveland never obtained jurisdiction over his person.

There is no doubt but that the Municipal Court of Cleveland had jurisdiction of defendant-appellant Lucas, who was plaintiff in that action, and if it obtained jurisdiction over defendant therein, defendant-appellee in this case, by "proper service in" Mahoning County, or if he voluntarily entered his appearance therein, that its judgment entered therein would be binding upon defendant-appellee Shorts in Mahoning County.

Accordingly, the immediate question presented for our consideration and determination, it seems to me, is whether as defendant-appellant Lucas contends defendant-appellee Shorts waived jurisdiction over his person by filing an answer in the case filed in the Municipal Court of Cleveland wherein Virginia Lucas was plaintiff and Harold W. Shorts was defendant, which he claims was verified and filed by his counsel without authority.

In the case of **Klein v Lust, et al, 110 Oh St, 197,** a justice of the peace in and for Clinton Township, in which plaintiff resided and the action in the court of the justice of the peace was commenced, "issued a summons which was served by the deputy bailiff of the municipal court of the city of Columbus" upon defendant, who "resided in the city of Columbus", and subsequently "within the return day of the summons counsel for Klein filed a motion in the office of the justice of the peace as follows:"—

" 'Now come the defendants, and, solely for the purpose of this motion and without entering their appearance herein, move the court for a dismissal, for the reason that the court in which this action is filed has no jurisdiction in the subject-matter involved.'

"The justice of the peace overruled the motion, heard the witnesses for the plaintiff, and gave judgment for the amount named."

The court of appeals certified "the cause" to the Supreme Court "as being in apparent conflict with the decision in Murdock v Saum, 26 Ohio Cir. Ct. (n. s.), 94". In the opinion written in the case the supreme court said:—

"Where a cause is pending before a justice of the peace having jurisdiction of the subject-matter of such cause, and a motion is made by an attorney employed by the defendant for a dismissal of such cause, 'for the reason that the court in which the action was filed has no jurisdiction of the subject-matter involved', such motion amounts to a waiver of irregularities in the service of summons, and enters a general appearance of the person of the defendant in the action."

We concur in the decision rendered by the court of appeals for Cuyahoga county rendered in the case of Joseph Zaccheo v Mutual Trucking Company, supra, that "the municipal court of Cleveland has jurisdiction of any action within the monetary limitations in which the plaintiff is a resident of Cleveland and the claimed injury or property damages were sustained as the result of a traffic accident in Cleveland and jurisdiction of the defendant may be obtained by proper service in any county in Ohio"; and conclude that the Municipal Court of Cleveland had jurisdiction of the subject matter of the action between defendant-appellant Lucas and defendant-appellee Shorts.

There is nothing before us indicating that counsel who verified and filed an answer for defendant in the Municipal Court of Cleveland in the action therein to which reference is made was not of the latter's own choosing nor employed by nor authorized to act for him nor in his behalf save and except the statement in the brief of his counsel "that he authorized anyone to enter an appearance or file an answer to the petition filed by the plaintiff in the Municipal Court of Cleveland".

If the municipal court of Cleveland had jurisdiction of the subject matter of such action, as we have already held it had, and by filing an answer in the action filed against him therein defendant-appellee Shorts voluntarily entered his general appearance therein, as under authority of Klein, et al v Lust, et al, supra, we now hold he did, by such act he waived the imperfections or irregularities, if any, in the

service had upon him in Mahoning County, the existence of which imperfections and irregularities, if any, and defendant-appellant Lucas' other contentions we need not determine, and brought himself within the jurisdiction of the Municipal Court of Cleveland.

It follows from what we have said that we conclude the trial judge erred to defendant-appellant Lucas' prejudice in holding that "the certificate of judgment in case of Virginia Lucas v Harold W. Shorts filed in court of common pleas on the 1st day of April, 1945, is not a valid judgment against defendant Harold W. Shorts, and does not constitute a valid lien upon the premises and that said certificate of judgment is null and void".

The judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings in accordance with law.

CARTER, PJ, NICHOLS, J, concur in judgment.