[Cite as *Stephens v. Stephens*, 2013-Ohio-2797.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| LEE E. STEPHENS | | C.A. No.    12CA0049 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARGARET G. STEPHENS | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.    11-DR-0432 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

HENSAL, Judge.

{¶1}    Margaret Stephens appeals a judgment decree of divorce from the Wayne County Common Pleas Court. For the following reasons, this Court reverses and remands this matter to the trial court to determine whether she should have been permitted to attend the divorce hearing.

I.

{¶2}    In September 2011, Lee Stephens filed a complaint for divorce, alleging that he and Wife were incompatible. In her pro se answer, Wife asserted that she was at a severe disadvantage in the proceeding because she was incarcerated. She, therefore, requested that the trial court appoint her legal counsel. After the court denied her motion, Wife filed an "Addendum to Answer and Request for Continuance" in which she requested a full hearing on the parties' assets and liabilities. She also asked "to be present at said hearing." Without specifically ruling on her request for continuance or her request to be present at the hearing, the magistrate conducted the divorce hearing without her, and issued a decision deciding each issue

in Husband's favor. Wife objected to the magistrate's decision, arguing, among other things, that the magistrate failed to let her examine Husband's witnesses or present her own testimony "in person, via video court, or via telephone * * *." The trial court overruled Wife's objections, and entered a decree consistent with the magistrate's decision. Wife has appealed, assigning seven errors.

II.

### ASSIGNMENT OF ERROR I

THE COURT ERRED AS A MATTER OF LAW IN GRANTING A DIVORCE ON THE GROUNDS OF INCOMPATIBILITY WHEN INCOMPATABILITY WAS DENIED BY ONE OF THE PARTIES.

### ASSIGNMENT OF ERROR VII

THE COURT ERRED IN NOT ALLOWING APPELLANT TO PARTICIPATE IN THE PROCEEDINGS, EFFECTIVELY AVOIDING TESTIMONY OF APPELLEE'S EXTREME CRUELTY IN THE RAPE OF APPELLANT'S MINOR CHILD AND THE IMPACT THIS HAD ON THE MARRIAGE AND DIVORCE.

{¶3} Although Wife's first and seventh assignments of error address different aspects of the trial court's decree, they raise a common issue. In arguing both assignments of error, Wife contends that the trial court incorrectly refused to let her participate in the divorce hearing.

{¶4} In *Carrion v. Carrion*, 9th Dist. No. 07CA009138, 2007-Ohio-6142, this Court recognized that, "[g]enerally, prisoners have no constitutional right to be personally present at any stage of * * * civil proceedings." *Id*. at ¶ 7. It explained, however, that there are nine factors that a trial court should examine "in determining whether a prisoner should be permitted to attend the trial." *Id*. Those factors are:

(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether [s]he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from [her] place of incarceration to the courthouse;

(4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting [her] testimony in person rather than by deposition.

*Id*., quoting *Mancino v. Lakewood*, 36 Ohio App.3d 219, 222 (8th Dist.1987). This Court reviews a trial court's analysis of those factors for an abuse of discretion. *Id*. at ¶ 8.

{¶5} In their decisions, neither the magistrate nor trial court specifically addressed Wife's request to be present at the divorce hearing. There is also nothing in the record regarding most of the *Mancino* factors. This Court has recognized that, in some situations, if a trial court's judgment entry is not sufficiently detailed, this Court is "left in the unfortunate position of being unable to provide meaningful review." *Zemla v. Zemla*, 9th Dist. No. 11CA0010, 2012-Ohio-2829, ¶ 19; *see Keith v. Keith*, 9th Dist. No. 09CA009657, 2010-Ohio-1085, ¶ 7; *Murray v. David Moore Builders, Inc.*, 9th Dist. No. 23257, 2006-Ohio-6751, ¶ 9-10. In those situations, we must "reverse its judgment and remand the matter so that the trial court can create an entry sufficient to permit appellate review." *MSRK, LLC v. Twinsburg*, 9th Dist. No. 24949, 2012-Ohio-2608, ¶ 10.

{¶6} The trial court's judgment entry is not sufficiently detailed to allow this Court to determine whether it exercised proper discretion when it implicitly denied Wife's request to attend the divorce hearing. Accordingly, we sustain Wife's first and seventh assignments of error and remand this case to the trial court for a more detailed analysis of the factors this Court identified in *Carrion*. In light of our resolution of those assignments of error, we conclude that any discussion of the remaining assignments of error would be premature and, therefore, we will not address them at this time.

4

III.

**{¶7}** The judgment of the Wayne County Common Pleas Court is reversed and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

MARGARET G. STEPHENS, pro se, Appellant.

G. KEVIN BOWER, Attorney at Law, for Appellee.