[Cite as *Millers v. Kasnett*, 2015-Ohio-298.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100448**

**RAY MILLERS**

PLAINTIFF-APPELLEE

vs.

**DANIEL KASNETT, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2012 CVH 000777

**BEFORE:** Celebrezze, A.J., S. Gallagher, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**ATTORNEY FOR APPELLANTS**

Lester S. Potash
Lester S. Potash, Attorney at Law
25700 Science Park Drive
Suite 270
Beachwood, Ohio   44122


**ATTORNEYS FOR APPELLEE**

Thomas P. Owen
Robert G. Friedman
Powers Friedman Linn, P.L.L.
23240 Chagrin Boulevard
Suite 180
Cleveland, Ohio   44122

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Third-party appellant, Sandra Kasnett, appeals from the judgment of the Cleveland Municipal Court finding appellee, Ray Millers, was entitled to $17,510.51 contained in a bank account maintained in Sandra's name. Sandra argues the trial court lacked jurisdiction because the amount of the transferred judgment and amount sought from the bank account was over the jurisdictional limit of the municipal court. After a thorough review of the records and law, we affirm.

## I.  Factual and Procedural History

{¶2} A default judgment was rendered against Daniel Kasnett in the amount of $296,287.87 by a court in Denver, Colorado. On February 9, 2011, Millers filed for the domestication of this judgment with the Cuyahoga County Common Pleas Court. On April 22, 2010, Millers's foreign judgment was domesticated. A certificate of judgment was filed in the Cleveland Municipal Court on January 13, 2012, by Millers. Millers engaged in collection actions attempting to satisfy the judgment. On July 16, 2012, Millers filed an affidavit of garnishment for other than personal earnings seeking to obtain the balance of a J.P.Morgan Chase Bank, N.A. ("Chase") account held by Sandra. Millers asserted the funds in the account belonged to Daniel. Chase deposited the money in the account, $17,510.51, with the court. Sandra contested ownership of the funds and requested a hearing.

{¶3} A hearing was held before a magistrate on February 5, 2013, which was not transcribed or recorded. Several financial statements were used as exhibits during the hearing, which are contained in the record, and excerpts from Sandra's deposition were introduced.

Therein she testified that she established the account to manage Daniel's finances and deposits largely consisted of payments for contract work Daniel provided to various businesses.

{¶4} The magistrate found that Sandra's testimony sufficiently established that the account was established to assist Daniel with his finances and debts. The magistrate also found that the money in the account came from multiple sources: "The Chase bank account received various deposits from many sources, including checks from [Sandra's] husband, her sister, as well as other sources. [Sandra] also received funds and checks written to her for services and jobs performed by [Daniel], which were also deposited into the Chase account." Addressing the traceability of the funds in the account, the magistrate found,

> [Sandra] previously and subsequently opened and closed multiple accounts in both her name alone, and joint accounts in her and [Daniel's] name. Monies were transferred to and from multiple bank accounts: checking and savings. [Sandra], in what she claimed was managing [Daniel's] account and finances, had commingled funds from several other accounts with the Chase bank account at issue.

The magistrate went on to find, "[Sandra] attempted to account for all the monies that had been in the bank account at issue, and used for [Daniel's] personal expenditures. However, many withdraws were done for cash, receipts were not available, and the commingling of multiple accounts made it difficult to account for everything."

{¶5} The magistrate's decision was issued on April 19, 2013, and the trial court adopted the decision the same day. Sandra filed a motion to dismiss the action for lack of jurisdiction on April 30, 2013. She also filed objections to the magistrate's decision on May 3, 2013. The trial court denied the motion to dismiss, citing R.C. 1901.19(D), and overruled her objections to

the magistrate's decision on August 27, 2013. Sandra then appealed raising three errors for review:

> I. The $15,000 monetary limitation of a municipal court's jurisdiction applies to the transfer of a judgment from another court, thus the municipal court below lacked subject matter jurisdiction to accept for filing a certificate of judgment in excess of $15,000 and to undertake proceedings in aid of execution upon that judgment.
>
> II. The trial court failed to conduct an independent review of the Magistrate's Decision as mandated by Civ.R. 53(D)(4)(d).
>
> III. The court below erred as a matter of law when sustaining the garnishment of the funds in Account 5382.

## II. Law and Analysis

### A. Standing

{¶6} First, this court must address Millers's argument that Sandra does not have standing to appeal the lower court order because she never filed a motion to intervene pursuant to Civ.R. 24.

{¶7} Here, Sandra filed a motion as a third-party plaintiff asserting ownership of the garnished funds. This court has recently set forth the means of asserting oneself into attachment or garnishment proceedings. *Sky Bank v. Lenart & Assocs.*, 8th Dist. Cuyahoga No. 99403, 2013-Ohio-5122. There, we held that a party could either file for leave to intervene pursuant to Civ.R. 24, or could follow the procedures set forth in R.C. 2715.40 and 2329.84. Here, Sandra filed a motion titled "Third Party Claim," which cited no civil rule or statute, but in substance, sought to intervene, to be added as a third-party plaintiff, and claimed an ownership interest in the garnished funds. Sandra also attached her sworn affidavit.

{¶8} Civ.R. 24(A) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶9} There is no journal entry in the record granting Sandra's motion to be joined as a party to the action, but the court acted as if it had granted the motion. The court allowed Sandra to fully participate, granting her continuances, allowing her to file objections to the magistrate's decision and even sustaining those objections.[1] The trial court docket also lists Sandra as a third-party claimant as if her motion was granted. Sandra sufficiently complied with Civ.R. 24 in order to obtain standing to bring this appeal. This court finds that Sandra's motion was impliedly granted and she has standing to appeal in this case.

## B. Jurisdiction

{¶10} First, Sandra claims that the municipal court lacked jurisdiction to accept the transfer of a judgment over $15,000.

{¶11} The jurisdiction of the municipal courts of Ohio is limited by statute. R.C. 1901.18 sets forth subject matter jurisdiction, and R.C. 1901.17 sets the monetary jurisdictional limit, excluding housing and environmental divisions that may exist in those courts, to $15,000. Therefore, in order for a municipal court to have jurisdiction, with limited exceptions, the amount in controversy must be within this sum.

---

[1] The magistrate had initially denied Sandra's claims after a hearing date was erroneously scheduled and Sandra did not appear. The resultant magistrate's decision was objected to by Sandra, and was sustained by the trial court and a new hearing was scheduled.

{¶12} This court has recently faced a similar situation dealing with the Berea Municipal Court. *Frank Novak & Sons, Inc. v. A-Team, L.L.C.*, 8th Dist. Cuyahoga No. 100393, 2014-Ohio-1730. This court determined that the municipal court did not have jurisdiction to entertain an order of execution above the $15,000 jurisdictional limit. *Id*. at ¶ 8. There are cases from other appellate districts taking a similar stance, which are discussed in *Frank Novak & Sons*. *See Aselage v. Lithoprint Ltd.*, 2d Dist. Montgomery No. 23527, 2009-Ohio-7036; *Transamerica Commercial Fin. Corp. v. Mid-America Marine, Inc.*, 11th Dist. Ashtabula No. 92-A-1720, 1993 Ohio App. LEXIS 3583 (July 16, 1993). These courts determined that the specific monetary jurisdictional limit provision of R.C. 1901.17 dictates this outcome over the general judgment transfer provision found in R.C. 2329.02. *See Frank Novak & Sons, Aselage, Transamerica Commercial*.

{¶13} But these cases do not dictate the outcome here. This is because the municipal court of Cleveland has exceptional powers under the municipal court jurisdictional statute, R.C. 1901.19. R.C. 1901.19(A) provides, *subject to the monetary jurisdiction and the subject matter jurisdiction of municipal courts as set forth in section 1901.18* of the Revised Code, municipal courts have powers to compel witnesses, issue executions on their own judgments, to enforce collection of their own judgments, issue and enforce orders of attachment, and others. R.C. 1901.19(A)(1)-(6). However, the Cleveland Municipal Court is singled out in the Revised Code and possesses additional powers. R.C. 1901.19(D) (the "Cleveland subsection") provides,

> [t]he municipal court of Cleveland also has jurisdiction in all actions and proceedings in the nature of creditors' bills, and in aid of execution to subject the interests of a judgment debtor in real or personal property to the payment of a judgment of the court. In those actions and proceedings, the court may proceed to

marshal and foreclose all liens on the property irrespective of the amount of the lien, and all vested or contingent rights in the property.

There is no limiting language in R.C. 1901.19(D) as there is in R.C. 1901.19(A) to limit these powers to cases where the amount in controversy is under $15,000.

{¶14} Even though substantially similar language to that found in R.C. 1901.19(D) has existed prior to enactment of the Ohio Municipal Court Act in the 1950s,[2] no case deals precisely with the issue presented here relating to the Cleveland Municipal Court. Therefore, rules of statutory construction must be employed to determine the meaning the Cleveland subsection.

{¶15} "In interpreting statutes, a reviewing court should make every effort to give effect to each word, phrase, and clause." *Selwyn v. Grimes*, 8th Dist. Cuyahoga No. 101252, 2014-Ohio-5147, ¶ 12, citing *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21. A court should attempt to discern the legislative intent of the statute, "normally found in the words and phrases of the statute, read in context according to standard rules of grammar and common usage." *Id.*, citing *State ex rel. Mager v. State Teachers Retirement Sys. of Ohio*, 123 Ohio St.3d 195, 2009-Ohio-4908, 915 N.E.2d 320, ¶ 14.

{¶16} R.C. 1901.19(A) begins with language limiting the jurisdiction of municipal courts to those cases satisfying R.C. 1901.17 and 1901.18. However, the Cleveland subsection does not contain similar language. Further, R.C. 1901.19(A)(5) has very similar language to R.C. 1901.19(D): "In any action or proceeding in the nature of creditors' bills, and in aid of execution,

---

[2] *See* former G.C. 1579-7; *In re Conservative Mtge. & Guar. Co.*, 24 F.2d 38 (6th Cir.1928); *First Fed. S. & L. Assn. v. Shorts*, 7th Dist. Mahoning No. 3187, 82 N.E.2d 426 (1947); Robert L. Wills, *The New Ohio Municipal Court Act*, 12 Ohio St.L.J. 314 (1951).

to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court[.]"

**{¶17}** The inclusion of this same language in the Cleveland subsection would be duplicative and superfluous if Sandra's interpretation were accepted. The inclusion of personal property as already stated in R.C. 1901.19(A)(5) along with real property in the Cleveland subsection does not mean the section simply gives the Cleveland Municipal Court the power of foreclosure as Sandra argues.[3] Neither does the fact that Cleveland Municipal Court has a housing division. R.C. 1901.17 already excludes the housing court from the monetary limitation. Further, Toledo also has a housing court division in its municipal court, and it is not similarly singled out in R.C. 1901.19. *See* R.C. 1901.011. The restatement of this language outside the jurisdictional limitation in R.C. 1901.19(A) provides a clear intent to unfetter the Cleveland Municipal Court from the monetary jurisdictional limit in aid of execution of judgments.

**{¶18}** Therefore we hold that R.C. 1901.19(D) bestows upon the Cleveland Municipal Court the authority to accept the transfer of a judgment above the monetary limit set forth in R.C. 1901.17. The trial court did not err in accepting the filing of the judgment or in accepting jurisdiction over the garnishment proceedings in this case. Sandra's first assignment of error is overruled.

**C. Independent Review by the Judge**

---

[3] R.C. 1901.19(A)(5) provides in part, "in aid of execution, to subject the interest of a judgment debtor in personal property to the payment of a judgment of the court." R.C. 1901.19(D) provides in part, "in aid of execution to subject the interests of a judgment debtor in real or personal property to the payment of a judgment of the court."

**{¶19}** Next, Sandra claims the trial court did not engage in an independent analysis of the case and merely rubber-stamped the magistrate's decision when adopting it as the court's own. Sandra cites to the one-sentence opinion issued by the court adopting the magistrate's decision. She also claims the trial court abused its discretion in adopting the magistrate's decision.

**{¶20}** A magistrate may be appointed to hear disputes pursuant to Civ.R. 53.

> Civ.R. 53(D)(4)(d) requires that a trial court, in ruling on timely filed objections to a magistrate's decision, "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A trial court may not merely "rubber stamp" a magistrate's decision. *Knauer v. Keener*, 143 Ohio App.3d 789, 793, 758 N.E.2d 1234 (2d Dist.2001). A reviewing court will presume that the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct an independent analysis. *Rokakis v. W. Res. Leasing Co.*, 8th Dist. Cuyahoga No. 95058, 2011-Ohio-1926, ¶ 18, citing *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio- 4540, ¶ 18. Further, the mere fact that the trial court adopted the magistrate's decision does not show that the court did not exercise its independent judgment. *Id.*

*Brzozowski v. Brzozowski*, 8th Dist. Cuyahoga No. 101013, 2014-Ohio-4820, ¶ 7.

**{¶21}** The trial court overruled Sandra's objections to the magistrate's decision and adopted that decision without any exposition. However, that does not show lack of an independent review of the matters to which proper objections were raised. "[T]he trial court is not required to 'comment or reference' any portion of the record in undertaking its independent review of the record." *Ernsberger v. Ernsberger*, 8th Dist. Cuyahoga No. 100675, 2014-Ohio-4470, ¶ 21, citing *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA2013-01-002, 2013-Ohio-4330, ¶ 18.

**{¶22}** It is more likely that Sandra's failure to support her arguments with a statement of the evidence made the factual questions she raised easy for the court to overrule. Civ.R. 53(D)(3)(b)(iii) provides that any objection to a magistrate's factual finding "shall be supported

by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶23} Here, Sandra's objections to the magistrate's decision took issue with factual determinations. However, Sandra did not provide a transcript or statement of the evidence adduced at the hearing. She offered an insufficient record to raise and support factual issues.

{¶24} "A party objecting to a magistrate's decision must support the objections with a transcript of all the evidence relevant to the disputed fact or an affidavit of that evidence if a transcript is not available." *Mulqueeny v. Mentor Chiropractic Ctr., Inc.*, 11th Dist. Lake No. 2001-L-034, 2002 Ohio App. LEXIS 1671,*6 (Apr. 12, 2002), citing Civ.R. 53(E)(3)(b); *Yancey v. Haehn*, 11th Dist. Geauga No. 99-G-2210, 2000 Ohio App. LEXIS 788 (Mar. 3, 2000). "The failure to support objections advanced under Civ.R. 53 precludes any argument on appeal of the factual determinations." *Id.*, citing *Dintino v. Dintino*, 11th Dist. Trumbull No. 97-T-0047, 1997 Ohio App. LEXIS 6027 (Dec. 31, 1997).

{¶25} Here, Sandra claims the magistrate and trial court did not make a proper determination that the money in the Chase account was subject to garnishment. She claims the magistrate and court did not find factors necessary to establish a fraudulent transfer under R.C. 1336.01, et seq. Although the magistrate's decision finds the transfer of funds into the Chase account was a fraudulent transfer, that is not required in this case. The question before the magistrate was whether the funds in the Chase account were subject to garnishment, i.e., did the money in the account in the name of a third person belong to Daniel? The trial court's decision does not hinge on the fraudulent nature of any transfer.

{¶26} Sandra also claims the magistrate and trial court made no attempt to determine what portion, if any, belonged to Sandra. The magistrate's decision makes clear that through

transfers from multiple bank accounts, multiple transactions "for cash" and without proper receipts, Sandra had destroyed the traceability of any funds in the account. The magistrate specifically addressed this in its decision, and any objection raised to the trial court was unsupported by a statement of the evidence. Therefore, Sandra's second and third assigned errors must be overruled.

### III. Conclusion

{¶27} The trial court properly ordered the garnishment of funds in an account held in Sandra's name but clearly maintained for Daniel with deposited funds belonging to Daniel. The court had jurisdiction and properly determined that the funds belonged to Daniel and were subject to garnishment.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR