[Cite as *Miklas v. Miklas*, 2015-Ohio-3829.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SANDRA LEE MIKLAS, NKA KELLER, | ) | CASE NO. 14 BE 46 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROBERT LOUIS MIKLAS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Belmont County, Ohio
                             Case No. 08DR0239

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Robert C. Johns
                             100 North Third St.
                             Steubenville, Ohio 43952


For Defendant-Appellant:      Robert Louis Miklas *pro se*
                             #A 645-483
                             Ross Correctional Institution
                             P.O.Box 7010,16149 SR 104
                             Chillicothe,Ohio 45601


JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                             Dated:  September 18, 2015

ROBB, J.

**{¶1}** Defendant-Appellant Robert Louis Miklas ("Appellant") appeals Belmont County Common Pleas Court's decision overruling his objections to the magistrate's decision. Three assignments of error are presented in this appeal. The first is whether the trial court abused its discretion in failing to order Appellant, a prisoner, to be transported for the civil hearing in his divorce proceedings, or in the alternative to participate through telephone or video conference. The second issue is whether the trial court erred in overruling Appellant's objection, which alleged that his agreement to the divorce decree was perpetrated by undue influence or fraud in the factum. The third issue is whether the trial court "will" commit err "if" it orders payments toward the decree to be collected from his inmate account.

**{¶2}** For the reasons expressed below, all three assignments of error lack merit. The trial court's decision to overrule the objections to the magistrate's decision and to approve the Qualified Domestic Relations Order ("QDRO") is hereby affirmed.

<u>Statement of the Facts and Case</u>

**{¶3}** In July 2008, Plaintiff-Appellee Sandra Lee Miklas, nka Sandra Lee Keller, ("Appellee") filed a divorce complaint against Appellant. In April 2009, the trial court granted the divorce. The parties were in agreement on the division of property and the allocation of parental rights. The trial court appears to have complied with the parties' agreement. However, for purposes of this appeal, one matter was not fully completed at the time of the decree, a QDRO.

**{¶4}** The decree provided Appellee would receive 50% of the marital portion of Appellant's 401(k) account and Appellant would "obtain whatever paperwork is necessary to effectuate this award." 4/8/09 J.E. Appellee was required to prepare a QDRO, "if necessary." 4/8/09 J.E.

**{¶5}** In July 2014, Appellee filed Motion to Enforce Decree requesting the court order Appellant to sign the proposed QDRO. A hearing on the matter was scheduled for September 15, 2014 at 1:00 pm in the Belmont County Courthouse. 8/22/14 J.E.

**{¶6}** In response, Appellant filed two motions. The first was a motion to convey or, in the alternative, to permit him to participate through either video or

telephone conference. 9/12/14 Motion. In this motion Appellant asserted that he wished to contest the QDRO. The second motion was a motion to reschedule the hearing to permit him to seek assistance of an attorney, specifically to find an attorney to take the matter on pro bono. The reason for these motions was Appellant was incarcerated in Ross Correctional Institution serving two concurrent 15 years to life sentences. During the divorce proceedings, he was indicted by the Belmont County Grand Jury and later convicted of two first-degree felonies. 6/4/08 Indictment; 11/10/10 Jury Verdict.

{¶7} The hearing proceeded on September 15, 2014, before a magistrate. The magistrate denied both of Appellant's motions. Arguments regarding the motion to enforce were heard. After reviewing the QDRO as prepared, the magistrate found that it was accurate and granted Appellee's Motion to Enforce Decree. 9/16/14 J.E. The trial court adopted the order that same day noting that if timely objections were filed the court would still consider and rule on them. 9/16/14 J.E.

{¶8} On September 24, 2014, Appellant filed timely objections. For purposes of this appeal, Appellant objected to the magistrate's decision denying his request to appear either in person or by video or telephone conference, failing to postpone the hearing to permit him the opportunity to obtain counsel, and granting the motion to enforce the divorce decree because he was subjected to undue influence when the decree was drafted in 2009. He also filed an objection stating that if the court ordered "any payments from defendant while he is incarcerated," that was not permissible.

{¶9} Appellant's notice of appeal was filed on October 16, 2014. The following day the trial court overruled the objections and re-ordered enforcement of the decree. 10/17/14 J.E. Although the notice of appeal was premature it is deemed corrected pursuant to App.R. 4(C).

## First Assignment of Error

"Trial Court erred in failing to order that Defendant-Appellant be permitted to appear by video, phone, or in person for the hearing on motion to enforce decree, and erred in failing to grant an extension of time, or to appoint counsel."

**{¶10}** Two arguments are presented in this assignment. First, Appellant contends the trial court erred in denying his motion to convey or, in the alternative, to permit him to participate by video or telephone conference. Second, he contends the trial court erred in failing to grant a continuance for him to obtain pro bono counsel. Each argument will be addressed in turn.

<u>Right to Attend</u>

**{¶11}** Appellant is of the belief that the trial court violated his constitutional right of "access to courts."

**{¶12}** The Ohio Appellate Courts are very clear on this matter. A prisoner does not have "an absolute due process right to attend the trial of a civil action to which he is a party." *In re I.B.L.*, 4th Dist. No. 14CA19, 2014-Ohio-4666, ¶ 13; *M.C. v. S.L.*, 10th Dist. No. 13AP-917, 2014-Ohio-3338, ¶ 11-12; *Rachel v. Rachel*, 5th Dist. No. 2012CA00243, 2013-Ohio-3692, ¶ 14 (divorce is a civil proceeding and an incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party); *Stephens v. Stephens*, 9th Dist. No. 12CA0049, 2013-Ohio-2797, ¶ 4; *Doe v. George*, 12th Dist. No. CA2011-03-022, 2011-Ohio-6795, ¶ 5; *Lopshire v. Lopshire*, 11th Dist. No. 2008-P-0034, 2008-Ohio-5946, ¶ 35; *Mancino v. Lakewood*, 36 Ohio App.3d 219, 221, 523 N.E.2d 332 (8th Dist.1987). The decision whether or not to allow an incarcerated party to be present is within the sound discretion of the trial court. *Trammell v. Powell,* 2d Dist. No. 23832, 2011–Ohio–2978, ¶ 6. An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** In *Mancino*, the court set forth criteria the trial court should weigh in determining whether the request should be granted, noting that the determination depends upon the particular circumstances of each case. *Mancino* at 221. The criteria includes:

> (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting

the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition.

*Id.* at 222.

**{¶14}** In this instance, the magistrate did not reference these factors in its judgment entry. Because we do not have a transcript of the September 15, 2014 hearing, we do not know if the magistrate considered these factors at the hearing. It is Appellant's duty to provide all necessary portions of the record for this court's review. App.R. 9(B). Absent a transcript, this court must presume the regularity of the proceedings below. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Therefore, we presume that the magistrate and the trial court considered the appropriate factors.

**{¶15}** In considering those factors in conjunction with the circumstances of this particular case, we cannot find that the trial court abused its discretion in denying the motion to convey or, in the alternative, to let him participate through telephone or video conference. In this case, the likelihood of success on the merits weighs heavily against him given the arguments he makes. As will be discussed in the second assignment of error, the QDRO appears to conform to the mandates of the divorce decree. Thus, contesting the QDRO would probably fail. Appellant does state in the objection that he wants to contest the entire divorce decree on the grounds of fraud. This argument fails because if Appellant disagreed with the terms of the decree or wished to attack the decree he should have done so through the filing of the timely notice of appeal from the decree. However, he has waited until now, when a motion to enforce was filed. He is not permitted to use Appellee's motion to enforce the decree to circumvent the time to appeal the decree.

**{¶16}** Consequently, Appellant's first argument under this assignment of error lacks merit for three reasons. First, there is no absolute due process right to attend

the trial of a civil action. Second, Appellant failed to provide a transcript of the proceedings that was necessary to support his claim. Third, there was little likelihood of success on the merits given the arguments he made in his objections.

### Continuance to Obtain Counsel

**{¶17}** Appellant correctly acknowledges that he has no constitutional right to counsel in civil proceedings. However, he contends that the trial court abused its discretion when it did not continue the matter to allow him to obtain pro bono counsel.

**{¶18}** The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *State v. Unger,* 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). As aforementioned, in order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore,* 5 Ohio St.3d at 219. In evaluating a motion for a continuance, a court should consider:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St. 2d 65, 67-68, 423 N.E.2d 1078 (1981).

**{¶19}** Considering the factors and the circumstances of this case, we cannot find that the trial court abused its discretion in denying the motion for continuance. Although, this was a first request for a continuance and it was for purposes of trying to obtain pro bono counsel, the issue before the court concerned the enforcement of a prior decree and considering the arguments presented there is little probability of success on the merits.

**{¶20}** For all the above stated reasons, the first assignment of error lacks merit.

### Second Assignment of Error

"The trial court erred in granting the motion to enforce decree because defendant was subjected to undue influence when the decree was drafted in 2009, and any agreements made were due to fraud in the factum, fraud in the inducement, and misrepresentation by counsel."

{¶21} Appellant objected to the magistrate's decision to approve the QDRO. One basis for the objection was that he was allegedly subjected to undue influence when he agreed to the divorce decree and/or the agreement was due to fraud in the factum. The objection was not specific to the QDRO, but was made against the divorce decree in general. This argument to the magistrate's decision was raised for the first time in the objection. The trial court overruled the objection.

{¶22} Civ.R. 53(D)(4)(d) requires that a trial court, in ruling on timely filed objections to a magistrate's decision, "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." A reviewing court will presume that the trial court conducted an independent review of the magistrate's decision unless the Appellant affirmatively shows that the trial court failed to conduct an independent analysis. *Rokakis v. W. Res. Leasing Co.,* 8th Dist. No. 95058, 2011–Ohio–1926, ¶ 18, citing *McCarty v. Hayner,* 4th Dist. No. 08CA8, 2009–Ohio–4540, ¶ 18. Overruling objections to the magistrate's decision and adopting that decision without any explanation does not show a lack of independent review of the matters. *Millers v. Kasnett,* 8th Dist. No. 100448, 2015-Ohio-298, ¶ 21. "[T]he trial court is not required to 'comment or reference' any portion of the record in undertaking its independent review of the record." *Id.,* citing *Ernsberger v. Ernsberger,* 8th Dist. No. 100675, 2014–Ohio–4470, ¶ 21.

{¶23} There are two problems with Appellant's argument. First, the argument was raised for the first time in the objection to the magistrate's decision. In requesting the continuance and in asking to participate in the proceedings, Appellant did not indicate to the magistrate that he wanted to attack the divorce decree on grounds of fraud and misrepresentation. Rather, he stated he wished to contest the QDRO.

**{¶24}** The second problem is the time to attack the decree as a whole was to appeal the divorce decree, which was final April 8, 2009. Appellant did not appeal the divorce decree. Rather, he appealed the decision that granted the motion to enforce the decree, which approved the QDRO. His attempt to now argue that the decree is invalid on the grounds of fraud and misrepresentation is an attempt to circumvent the appellate process. He is trying to appeal a judgment that was final over five years ago. The Appellate Rules indicate that appeal must be filed within 30 days of the judgment. App.R. 4(A).

**{¶25}** Accordingly, this assignment of error is meritless.

<u>Third Assignment of Error</u>

"Notwithstanding the above errors, the court errs if it orders any payments from Appellant's prison trust account without deferring payment until released from incarceration."

**{¶26}** Appellant argues that it would be error "if" the trial court "were to order payment towards the decree to be collected from Appellant's inmate trust account."

**{¶27}** The trial court did not order the payment towards the decree to be collected from his inmate trust account. The order issued by the trial court was its approval of the QDRO. Nowhere in the QDRO does it state that money will be taken from Appellant's inmate account.

**{¶28}** Accordingly, the issue raised is not ripe for review. "Ripeness is 'peculiarly a question of timing.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm. of Ohio,* 82 Ohio St.3d 88, 89, 694 N.E .2d 459 (1989), quoting *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 140, 95 S.Ct. 335 (1974). In order "for a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *State v. Stambaugh*, 34 Ohio St.3d 34, 38, 517 N.E.2d 526 (1987). Generally, a claim is not ripe if it depends on "future events that may not occur as anticipated, or may not occur at all." *Texas v. U.S.,* 523 U.S. 296, 300, 118 S.Ct. 1257 (1998). "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or

remote.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm.,* 82 Ohio St.3d 88, 89, 694 N.E.2d 495 (1998), quoting Comment, Mootness and Ripeness: The Postman Always Rings Twice, 65 Colum.L.Rev. 867, 876 (1965).

**{¶29}** The error alleged here is not ripe for review; it is hypothetical. Given the wording of his argument, Appellant implicitly acknowledges the hypothetical nature of his argument. He uses the phrase "if the court were to order."

**{¶30}** Consequently, this assignment of error is meritless.

## Conclusion

**{¶31}** All three assignments of error lack merit. The judgment entry of the trial court overruling objections to the magistrate's decision is affirmed. The court's decision to approve the QDRO is hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.