**[Cite as *Wright v. Suttles*, 2022-Ohio-2975.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| CRAIG WRIGHT | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-559 |
| | : | |
| CLAYTON SUTTLES, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2022.

. . . . . . . . . . .

TODD E. BRYANT, Atty. Reg. No. 0072738, 400 East Fifth Street, Suite C, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JAMES N. GRIFFIN, Atty. Reg. No. 0015917, 2071 North Bechtle Avenue, #213, Springfield, Ohio 45504
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Clayton Suttles appeals from a judgment of the Clark County Court of Common Pleas in favor of Plaintiff-Appellee Craig Wright. According to Suttles, the trial court failed to conduct an independent review of the magistrate's decision. For the reasons stated below, we affirm the judgment of the trial court.

I.     Facts and Course of Proceedings

{¶ 2} Suttles and Wright are cousins who, before 2018, were on good terms with each other. But tensions heightened between the cousins due to statements made about Wright's father. Subsequently, a dispute arose between Suttles and Wright over whether or not Suttles would return two trucks owned by Wright that were parked on Suttles's property.

{¶ 3} On October 12, 2018, Suttles's attorney sent Wright a letter demanding $12,000 for repair work Suttles had allegedly performed on the two trucks. On October 30, 2018, Wright filed an action against Suttles in the trial court, raising claims for replevin, violations of the Consumer Sales Practices Act, unjust enrichment, and conversion. Wright sought liquidated damages of three times the value of his two trucks pursuant to R.C. 2307.60 and 2307.61. Suttles filed a counterclaim seeking $12,000 for expenses incurred and labor performed on the trucks.

{¶ 4} Wright filed a motion and affidavit for an order of possession of property pursuant to R.C. 2737.03. Following a hearing, the magistrate granted Wright's motion and issued a separate order of possession of personal property. Suttles filed objections to the magistrate's decision. The trial court overruled the objections and ordered that

Wright "shall be awarded possession of the above-described trucks during the pendency of this action by virtue of its replevin action." Apparently, the trucks were not returned to Wright despite the trial court's order.

{¶ 5} A trial on Wright's remaining claims and Suttles's counterclaim was held on March 5, 2020, before a magistrate. Wright and Suttles testified at the hearing. They had markedly different versions of the events that led to the lawsuit. Wright testified that he ran a tree service and that Suttles was involved in similar work. March 5, 2020 Trial Tr. p. 8, 26. Wright had his black pickup truck towed to Suttles's property in August 2018. *Id.* at 9-10. The truck was towed there because it had a blown motor, and Suttles and his dad had many tools there that would allow Wright to work on repairing the truck. There was no discussion of paying Suttles anything for the use of his tools. *Id.* at 10-11. Wright paid $350 to part of Suttles's work crew to work on the black truck, but they only took off the front of the truck. *Id.* at 11. Wright bought a motor from an old ambulance to switch out with the motor in the black truck, but the ambulance motor was never put into the truck. *Id.* at 12-13.

{¶ 6} Suttles came to Wright's house in September 2018 and borrowed his line truck. *Id.* at 8-10. According to Wright, Suttles needed the truck for his business. *Id.* at 8-10, 66. At some point there was an argument between Suttles and Wright that led Suttles to tell Wright that Wright could not come onto Suttles's property anymore. *Id.* at 13-14. At the time of trial, Wright still had not regained possession of the two trucks, despite the trial court's previous order directing Suttles to return the trucks, because he did not have the keys to the trucks. *Id.* at 14-15. Wright testified that his line truck was

worth $12,000 and his black truck was worth $10,000. *Id.* at 18-19. He also stated that the work of his business slowed down without the use of his two trucks. *Id.* at 20.

{¶ 7} Suttles disagreed with Wright's version of events. According to Suttles, Wright brought the black truck onto Suttles's property by April 2017 and asked Suttles to replace the transmission and the engine with parts from an old ambulance. *Id.* at 22-23, 30, 34-35. Wright paid Suttles $500 for the ambulance and $1,500 for the transmission work on the black truck. *Id.* at 50. Wright eventually hauled away the ambulance, including its motor, and took some tires off the black truck for use with another truck. *Id.* at 34-35. But the black truck was left on Suttles's property. *Id.* at 35.

{¶ 8} Wright asked Suttles to replace or adjust the clutch and repair the brakes on the line truck in September 2018. *Id.* at 31-32, 49. Suttles opined that the line truck needed brake work, but the clutch seemed fine. *Id.* at 49. Suttles testified that he never used the black truck or the line truck for work. *Id.* at 51-52. Also, Suttles stated that he paid $6,500 for a yellow truck in order to get the parts he needed to repair the line truck's transmission and engine. *Id.* at 46-47. The entire yellow truck was used for parts on the line truck or hauled away by Wright, except for the hood of the truck. *Id.* at 51.

{¶ 9} Suttles did not have copies of any bills or receipts for the purchase of the ambulance and the yellow truck, but he did have the titles to the ambulance and the yellow truck. *Id.* at 56-59. Suttles stated that he wanted to be reimbursed $6,500 for the yellow truck and $2,000 for the ambulance. *Id.* at 54. Suttles submitted a copy of an October 12, 2018 letter his attorney sent to Wright demanding $12,000 for repairs to the two trucks. Suttles testified that he told Wright that the trucks would not be returned to him until Wright

paid the $12,000. *Id.* at 59-60. According to Suttles, the black truck was dilapidated from sitting on his property for almost three years and he would not trust driving the line truck down the road given its current condition of just sitting there and needing brake work. *Id.* at 33-34.

{¶ 10} The magistrate issued a decision on May 10, 2021, awarding Wright $66,000 plus interest and costs and granting him the permanent right to possession of the black truck and the line truck. Specifically, the magistrate found in Wright's favor on all of the claims except for the claim under the Consumer Sales Protection Act. Suttles filed objections to the magistrate's decision. On April 7, 2022, the trial court overruled the objections and granted judgment against Suttles in the amount of $66,000 plus interest and costs. The trial court also ordered Suttles to turn over the two trucks to Wright and concluded that "[t]he Sheriff of Clark County is hereby authorized pursuant to statute to deliver possession of the collateral to [Wright]." Suttles filed a timely appeal from this judgment.

II.      Suttles Has Not Shown That The Trial Court Failed To Independently Review The Magistrate's Decision

{¶ 11} Suttles's sole assignment of error states:

THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WITHOUT INDEPENDENTLY REVIEWING WHETHER THE MAGISTRATE PROPERLY DETERMINED THE FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

{¶ 12} Suttles contends that the trial court "did what another appellate court said cannot be done. The court deferred to the decision of the magistrate without undertaking a review." Suttles's Appellate Brief, p. 2. According to Suttles, "[i]t was obvious that the review was cursory at best." *Id.* at 1.

{¶ 13} Wright responds that Suttles "has not even attempted to affirmatively demonstrate that the Trial Court failed to conduct an independent analysis" and had "not argued which findings or conclusions were incorrect" or pointed to anything in the record to indicate any substantive errors. Wright's Appellate Brief, p. 4-5.

{¶ 14} Civ.R. 53(D)(4)(b) provides: "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Further, Civ.R. 53(D)(4(d) provides, in part: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 15} "[A]n appellate court presumes the trial court conducted an independent review of the magistrate's decision unless the appellant affirmatively shows that the trial court failed to conduct an independent analysis." (Citations omitted.) *Cuyahoga Hts. v. Ram Supply Chain, L.L.C.*, 8th Dist. Cuyahoga Nos. 209565 and 109566, 2021-Ohio-315, ¶ 13. "The fact that the trial court adopted the magistrate's decision does not, by itself, prove that the court did not exercise its independent judgment." (Citation omitted.) *Id.*

at ¶ 14. "[T]he trial court is not required to 'comment or reference' any portion of the record in undertaking its independent review of the record." *Ernsberger v. Ernsberger*, 8th Dist. Cuyahoga No. 100675, 2014-Ohio-4470, ¶ 21, citing *Pietrantano v. Pietrantano*, 12th Dist. Warren No. CA 2013-01-002, 2013-Ohio-4330, ¶ 18. "Although it may be best practice for the trial court to explain its reason for adopting the magistrate's decision, such a practice is not required." *Ram Supply* at ¶ 14, citing *Millers v. Kasnett*, 2015-Ohio-298, 26 N.E.3d 915, ¶ 21 (8th Dist.).

{¶ 16} In her May 10, 2021 decision, the magistrate summarized all of the evidence of record and addressed each of the claims at issue. It is clear from the magistrate's decision that she credited the testimony of Wright over the testimony of Suttles. Wright's version of events supported the findings of fact and conclusions of laws contained in the magistrate's decision.

{¶ 17} In its April 7, 2022 Judgment Entry, the trial court initially noted its duty to conduct an independent, de novo review of the magistrate's report. The court then stated the following;

> The Court having reviewed the record, the transcripts provided, the Magistrate's decision, and the written arguments of the parties, hereby accepts the Magistrate's findings of fact and conclusions of law upon which she based her decision and incorporates them in this judgment.

April 7, 2022 Judgment Entry, p. 1.

{¶ 18} The magistrate clearly credited the testimony of Wright over the testimony of Suttles in finding that Suttles had converted Wright's property and was responsible for

$66,000 in damages.  The trial court adopted the magistrate's findings of fact and conclusions of law.  We defer to the trial court's assessment of the credibility of the witnesses.

{¶ 19} Suttles has not affirmatively shown that the trial court failed to conduct an independent analysis of the magistrate's decision.  Rather, the trial court specifically acknowledged its duty to conduct an independent review before it adopted the magistrate's findings of fact and conclusions of law.  This is not the case of a trial court simply rubber-stamping a decision of the magistrate without any acknowledgment of the trial court's duty to conduct an independent review.

{¶ 20} Suttles cites *Becher v. Becher*, 8th Dist. Cuyahoga No. 108472, 2020-Ohio-669, in support of his contention that the trial court did not conduct an independent review of the magistrate's decision.  But that case is inapposite.  In *Becher*, the magistrate presided over a final divorce hearing.  *Id.* at ¶ 27.  Rather than issuing a magistrate's decision after the final hearing, the parties received a "judgment entry" that was signed by both the trial court and the magistrate.  *Id.* at ¶ 28.  Therefore, the judgment entry received by the parties deprived them of an opportunity to object.  *Id.* at ¶ 30.  Unlike in *Becher*, the magistrate in the present case issued a decision, and Suttles had an opportunity to file objections, which he did.  Further, the trial court here, unlike in *Becher*, specifically noted its obligation to conduct an independent review of the record; absent evidence to the contrary, we presume that it did just that.

{¶ 21} Finally, Suttles does not identify what findings of fact or conclusions of law were erroneous in the trial court's judgment.  App.R. 16(A)(3) requires Suttles to include

in his appellate brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." We note that the last sentence of Suttles's appellate brief states: "In the instant case the court when reviewing the objections and decision did not specifically rule on the magistrate's authority to ordering [sic] the county sheriff to replevin property in another county, outside the jurisdiction of the court and sheriff." Suttles's Appellate Brief, p. 2. It is unclear whether Suttles is contending in this sentence that venue was improper or that the magistrate and trial court exceeded their authority by ordering replevin of the vehicle.

{¶ 22} Arguably, venue in Clark County could have been found improper in this case, because the testimony at the replevin hearing and the trial established that Wright lived in Champaign County and Suttles lived in Miami County. There seemed to be some confusion regarding this at trial, because Suttles has a New Carlisle address and New Carlisle is largely located in Clark County. But improper venue is a defense that is waivable if it is not raised by motion or in a responsive pleading. Civ.R. 12(H)(1). In paragraph 2 of his complaint, Wright alleged that Suttles lived in Clark County. In his answer, Suttles admitted the allegations contained in paragraph 2 of Wright's complaint. Further, Suttles did not raise any improper venue defense in his answer. Therefore, Suttles has waived any defense of improper venue. Civ.R. 12(H)(1).

{¶ 23} If we were to construe the final sentence of Suttles's brief as a contention that the trial court exceeded its authority, rather than as a contention that venue was improper, we still would not find reversible error. At most, Suttles seems to take issue with the idea that a sheriff in Clark County could travel into Miami County to retrieve

possession of personal property pursuant to an order issued by a Clark County Common Pleas Court.   But even if we were to presume that the Clark County Sheriff could not execute the judgment without the assistance of the Miami County Sheriff, this goes to the proper execution of the replevin portion of the judgment rather than the validity of the judgment itself.   Finally, Suttles fails to cite any authority in support of the last sentence of his brief.

{¶ 24} Suttles has failed to demonstrate any reversible error.   Therefore, the assignment of error is overruled.


III.     Conclusion

{¶ 25} Having overruled the sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Todd E. Bryant
James N. Griffin
Hon. Richard J. O'Neill